Filed 2/26/13  Alonzo v. County of Los Angeles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ADRIAN ALONZO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.<br><br>Defendants and Respondents. | B240191<br><br>(Los Angeles County<br>Super. Ct. No. BC468250) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Yvette M. Palazuelos, Judge.  Affirmed.

———

David Haas for Plaintiff and Appellant.

Collins Collins Muir & Stewart, Melinda W. Ebelhar, Catherine M. Mathers, and Christie Bodnar Swiss, for Defendants and Respondents.

———

Adrian Alonzo appeals from the judgment of dismissal entered against him on his complaint for battery and violation of his civil rights. Defendants demurred to the complaint on the basis of the judgment against Alonzo in a prior federal court action arising from the same incident, and the superior court sustained the demurrer without leave to amend. We affirm.

BACKGROUND

On August 26, 2011, Alonzo filed a complaint in the superior court against the County of Los Angeles (the County), its sheriff's department, and Michael Kennard, a sheriff's deputy. Alonzo alleged claims for battery and violation of his civil rights under Civil Code section 52.1, subdivisions (a) and (b).

Defendants demurred to the complaint on the ground that it fails to state a cause of action because of the preclusive effect of the judgment against Alonzo in a prior federal court action arising from the same incident; defendants also argued that the claims were barred by certain tort immunity statutes. In support of the demurrer, defendants requested that the superior court take judicial notice of the order granting Kennard's motion for qualified immunity in the federal action.

The superior court granted defendants' request for judicial notice, sustained the demurrer without leave to amend on the basis of collateral estoppel and the tort immunity statutes, and entered a judgment of dismissal. Alonzo timely appealed.

The complaint alleges the following facts: "On or about the afternoon of January 14, 2010, [Alonzo] was walking on the sidewalk near his Gardena, California residence. Suddenly, a car containing . . . Kennard pulled up close to [Alonzo]. . . . Kennard leaped out of the car and pointed his firearm at [Alonzo]. Kennard demanded [Alonzo] turn around. [Alonzo] began to comply. He did not make any threatening statements, gestures, or actions toward . . . Kennard. [Alonzo] was unarmed. Kennard fired a bullet into [Alonzo] striking him in his left shoulder/neck area. [Alonzo] collapsed in a pool of his own blood."

As regards the procedural background, the complaint alleges that Alonzo originally filed suit in federal court, apparently alleging both federal and state law claims.

2

The federal district court stayed the state law claims, resolved Alonzo's federal claim against him, and then declined to exercise jurisdiction over the state law claims.

The federal district court order of which the superior court took judicial notice describes the factual background and the federal litigation as follows:  Kennard shot Alonzo during an encounter relating to "an alleged hand-to-hand drug transaction." Kennard and another sheriff's deputy, Mat Taylor, testified that "they observed [Alonzo] engaging in a hand-to-hand drug transaction, then attempt[ed] to flee when instructed to turn around and put his hands in the air."  Kennard testified that "after giving up on climbing the fence, [Alonzo] subsequently spun suddenly towards the [d]eputies while drawing his right hand from his pocket as if he were drawing a gun from a holster.  At this instant, [d]efendant Kennard fired his gun."  Alonzo and his girlfriend testified that he "never engaged in a hand-to-hand drug transaction, complied with all commands, and had his hands in the air when [d]efendant Kennard shot him in the neck."

The federal jury found that Kennard used excessive force in violation of Alonzo's rights under the Fourth Amendment to the Constitution of the United States.  The federal district court judge then "submitted four additional factual interrogatories to the jury: (1) Did plaintiff Alonzo try to scale the fence; (2) Did plaintiff Alonzo spin towards the deputies before he was shot; (3) Was plaintiff Alonzo pulling his hand out of his pocket before he was shot as defendant Kennard described; and (4) Did plaintiff Alonzo comply with the [d]efendants' commands to show his hands. . . . The jury answered 'YES' to the first three interrogatories and 'NO' to the last interrogatory."  On the basis of the jury's answers to the four special interrogatories, the federal district court determined that the force used by Kennard was reasonable as a matter of law and thus did not violate Alonzo's constitutional rights, so Kennard was entitled to qualified immunity.

STANDARD OF REVIEW

In reviewing a judgment after a demurrer was sustained without leave to amend, we "must assume the truth of the complaint's properly pleaded or implied factual allegations" and "must also consider judicially noticed matters," and "we determine whether the complaint states facts sufficient to state a cause of action." (*Schifando v.*

3

*City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  If not, we also must determine "whether there is a reasonable possibility the plaintiff could cure the defect with an amendment," an issue on which the plaintiff bears the burden of proof.  (*Ibid.*)

DISCUSSION

Alonzo argues that the trial court erred by concluding that collateral estoppel bars his state law claims because of the judgment against him on the federal claim in the prior federal litigation.  We disagree.

As explained by the federal district court, "'[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'  [Citation.]"  The court found, at "the first step of the qualified immunity analysis," that Alonzo's "constitutional right to be free from excessive force" was not violated, because Kennard's "use of force, based on the facts found by the jury, was objectively reasonable."  Having found no violation of a constitutional right, the court did not (and could not) proceed to the second step to determine whether a "clearly established" constitutional right had been violated, because no constitutional right had been violated at all.

"Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings.  [Citation.]  Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled.  First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.  [Citations.]"  (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341, fn. omitted.)

Because the issue of the reasonableness of Kennard's use of force was actually litigated and determined against Alonzo in the federal proceeding, collateral estoppel precludes him from relitigating the issue.  First, the issue of the reasonableness of the use

4

of force in Alonzo's federal claim is identical to the issue of the reasonableness of the use of force in Alonzo's state law claims. The superior court correctly stated that Alonzo concedes the point ("Both parties acknowledge that the federal civil rights claim and the state law claims for battery and violations of civil rights share the same elements"). Second, the issue was actually litigated in the federal action, on Kennard's motion for qualified immunity. Third, the issue was necessarily and expressly decided in the federal action when the federal district court expressly determined that Kennard's use of force was reasonable. Fourth, the federal district court's decision was final and on the merits. And finally, Alonzo was a party to the federal action.

Alonzo's arguments against the application of collateral estoppel to bar his claims are not persuasive. First, Alonzo argues that he "may proceed with his state causes of action in state court when the federal court has declined to exercise jurisdiction over his state claims." Although it is true that in certain circumstances a plaintiff may pursue state law claims in state court after a federal court has declined to exercise supplemental jurisdiction over them, the point is irrelevant. Having litigated the issue of the reasonableness of Kennard's use of force in federal court, Alonzo cannot relitigate that issue in state court—the doctrine of collateral estoppel prohibits it. And because the federal court determined that issue in Kennard's favor, that determination is fatal to Alonzo's state law claims. The foregoing analysis is not undermined by the proposition that sometimes state law claims that a federal court declines to hear may be heard in state court.

Second, Alonzo argues that qualified immunity is not a defense to state tort claims against government employees. Again, the point is correct but irrelevant. The superior court did not rule, and we do not hold, that Alonzo's state law claims are barred by qualified immunity. Rather, the superior court correctly ruled that (1) because the federal district court determined that Kennard's use of force was reasonable, Alonzo cannot relitigate that issue in the present action, and (2) because Kennard's use of force was reasonable, Alonzo's state law claims fail as a matter of law. Neither the superior court's

5

decision nor ours depends upon an application of the qualified immunity defense to state law claims.

Third, Alonzo attempts to distinguish *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, which the superior court relied upon. Again, the argument is irrelevant. Assuming for the sake of argument that *Hernandez v. City of Pomona* is distinguishable in various respects, it does not follow that the requirements for the application of collateral estoppel have not been satisfied in this case, or that the application of that doctrine is not fatal to Alonzo's state law claims. For the reasons we have already given, collateral estoppel does apply, and Alonzo's state law claims consequently fail as a matter of law.[1]

### DISPOSITION

The judgment is affirmed. Respondents shall recover their costs of appeal.

NOT TO BE PUBLISHED.

                                          ROTHSCHILD, J.

We concur:


        MALLANO, P. J.                    JOHNSON, J.

---

[1] Our resolution of the collateral estoppel issue makes it unnecessary for us to address the other arguments raised by the parties on appeal.